(33 P.3d 872)
No. 86,108

DOUGLAS JONES, M.D., *Appellant*, v. CHRISTY WALKER, *Appellee*.

Opinion filed November 9, 2001.

*Paula S. Pierce*, of Kansas City, Missouri, for appellant.

*Alan F. Alderson*, of Alderson, Alderson, Weiler, Conklin, Burghart & Crow, L.L.C., of Topeka, for appellee.

Before PIERRON, P.J., MARQUARDT and BEIER, JJ.

BEIER, J.: Douglas Jones appeals the district judge's denial of his motions for Christy Walker to pay one-half of a child custody evaluator's fee and for enforcement of a child custody order. We affirm.

This case originated on September 22, 1998, when Jones filed a petition to establish his paternity and obtain joint and residential custody of Walker's 4-day-old child. Numerous motions followed, the bulk of which are not directly at issue here, both before and after the parties reached an agreement on custody, support, and visitation. Walker had temporary residential custody of the couple's son. And, at the time of the parties' agreement on that point, a custody evaluation was ordered.

A hearing on various motions filed by the parties was held July 11, 2000. Among other things, Jones' sought an order forcing Walker to pay a proportional share of the $2,282.55 Jones had paid to

the custody evaluator. On appeal, Jones seizes upon several comments made by the district judge at that hearing:

"I think both parties have exhibited due—or both counsel have exhibited due diligence throughout this case raising every single legal issue and factual issue in support of their clients that they can think of and I will just comment in that way both of you presented your case about as well as you can."

"[B]oth of you are very genuine and sincere in your presentation of your client's cases."

"These parties have both raised legal issues that they believe very sincerely in . . . ."

The judge's letter order followed 3 days later. It read in pertinent part:

"Dr. Jones advanced Dr. Maxfield's custody evaluator fee and requests that the Court assign some or all of those fees to Christy Walker. The applicable statute is K.S.A. 38-1122. The Court will assign Dr. Maxfield's fees to Dr. Jones and will not order any reimbursement from Ms. Walker. Ordinarily, this Court apportions fees of an appointed custody evaluator between the parents. However, Dr. Jones' leave-no-stone-unturned trial strategy caused the expenditure of more resources by both parties than was necessary. For this reason, Dr. Jones shall be solely responsible for Dr. Maxfield's fees."

On August 21, 2000, Jones filed a motion seeking additional findings of fact and conclusions of law regarding his motion to enforce. The district court denied the motion, finding he had already made the relevant findings.

On appeal, Jones argues the district court abused its discretion by denying his motion regarding the evaluator's fee because insufficient evidence supported the district judge's statement that Jones' "leave-no-stone-unturned trial strategy caused the expenditure of more resources by both parties than was necessary." He also argues that the ruling constituted a violation of his equal protection and due process rights.

K.S.A. 38-1122 provides:

"The court may order reasonable fees of counsel and the child's guardian *ad litem* and other expenses of the action, including blood tests, to be paid by the parties in proportions and at times determined by the court. . . . After payment, the court may tax all, part or none of the expenses as costs in the action."

In other words, the district judge had discretion to determine who would be responsible for the cost of the custody evaluation. Judicial discretion is abused only when no reasonable person would adopt the view of the district court. *State v. Bey*, 270 Kan. 544, 546, 17 P.3d 322 (2001).

Jones' argument emphasizes the differences in the judge's oral statements at the July 11 hearing and his comment in the July 14 letter order. The two do appear, at first glance, to contradict one another. However, we perceive a distinction between the judge's comments at the hearing in which he complimented the work of both parties' counsel and made a record of the sincerity of the parties' beliefs on the one hand and the judge's order recognizing the expense of Jones' persistence in litigating every aspect of his beliefs. The judge was, after all was said and done, unfavorably impressed by a litigant who filed a motion to change physical custody of an infant barely old enough to leave the hospital nursery and who sought, among other things, to obtain psychological records and testimony about the woman he had agreed should have temporary custody. It is understandable if the district judge concluded that Jones, no matter how sincere his beliefs, had demonstrated his determination to win regardless of the monetary and emotional costs involved.

Jones' constitutional arguments also fail. In order for him to prevail on his equal protection claim, he must have demonstrated that he and Walker were similarly situated. They were not. At the time of the motion, the evidence showed that Jones earned more than $40,000 a year while Walker earned only $24,000 a year. According to counsel's statements at oral argument, that disparity has grown since Jones completed his medical residency.

Jones also cannot show a denial of due process of law. The district judge was permitted to allocate the cost of the child custody evaluation to Jones under K.S.A. 38-1122. The cost was not imposed on him as punishment because he pursued vindication of his rights in court. He was the one who sought the evaluation in the first place, and his ability to pay simply exceeded that of his adversary. Furthermore, the record reflects that Jones continued to argue against the evaluation's recommendation that the child re-

side with his mother. Jones' access to the court was hardly hampered or deterred.

Jones' second appellate issue is that the district judge made insufficient findings of fact in denying Jones' motion to enforce. He is correct that there were no written findings of fact and conclusions of law. Rather, the judge simply referred Jones to the judge's comments on the record at the hearing.

Jones apparently wanted specific answers to the questions of whether Walker violated the custody order by not notifying him that she had sold her house, by making unilateral medical decisions concerning their son, by making unilateral decisions concerning who would transport their son to day care and what diet he would eat while there, and by refusing to give Jones a copy of their child's social security card.

Regardless of whether the district judge could have or should have made written findings and conclusions, the record is entirely adequate to support the denial of the motion to enforce. Jones fundamentally misunderstands the nature of his joint legal custody of his son. It permits him to participate in the most important of the decisions affecting his child's life. It does not give him moment-to-moment input, much less the veto power he evidently desires, over every large and small choice about child rearing made by his child's mother, the residential custodian. The judge recognized that both parents could do a better job of communicating with one another. Jones was entitled to nothing more.

Affirmed.